IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAKWON KINTE SIMMS,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN FREDRICK ABELLO, *et al.*,<br><br>    Defendants. | Civil Action No.:  PX-24-3176 |

**MEMORANDUM OPINION**

Dakwon Kinte Simms, an inmate at Maryland Correctional Training Center, brings this civil rights action against Warden Fredrick Abello, Deputy Warden Kendra Jochum, and Chaplin Todd Borbidge for interfering with his ability to practice Islam while detained at Montgomery County Correctional Facility ("MCCF").  ECF No. 1.  On June 9, 2025, Defendants moved to dismiss the Complaint.  ECF No. 11.  Simms was informed, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right to respond and that his failure to do so could result in dismissal of this case without further notice.  ECF No. 12.  The matter is now ripe for review, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2025).  For the reasons discussed below, the motion shall be granted for failure to exhaust administrative remedies.

**I.      Background**

The Court construes the verified Complaint facts as true and most favorably to Simms. The Complaint avers that Defendants violated Simms' rights protected under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2200cc *et seq.*, the Free Exercise and Establishment clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.  ECF No. 1 at 4, 8.  Warden Abello evidently implemented an "Islam-

specific" policy that disparately treated Muslims, including Simms, less favorably than detainees of other faiths. ECF No. 1 at 9. Warden Abello, for example, prohibited Muslim detainees from wearing of any head garb outside the general housing unit and did not permit congregational prayer. *Id.* Likewise, Deputy Jochum, who must approve religious services at MCCF, refused Simms' requests for group prayer. *Id.* at 12. Chaplain Borbidge, who advises Abello and Jochum on religious activities, also refused to facilitate Muslim religious services. *Id.* Lastly, Defendants did not give Simms the halal meal to which he is entitled under MCCF policy. *Id.* at 14. Instead, MCCF fed Simms a diet of 96% soy protein rather than the slaughtered meat required by the Quran. *Id.* But MCCF provided other detainees of different faiths meals that met their respective religious requirements. *Id.* at 14, 16. MCCF's refusal to accommodate Simms' religious practices, he avers, has provoked severe anxiety in him. *Id.* at 17.

## II.    Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III.    Analysis

Defendants singularly argue that the Complaint must be dismissed because Simms failed to exhaust his administrative remedies. ECF No. 11-1 at 3-6. Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under § 1997e is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by Maryland Department of Public Safety and Correctional Services ("DPSCS") are provided an administrative grievance process for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP). If a prisoner files a grievance or "ARP" which is then denied, the prisoner may appeal the denial to the Commissioner of Correction within 30 days. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the Inmate Grievance Office ("IGO"), also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request for administrative remedy, the Warden's response to that request, the ARP appeal filed with the Commissioner of Correction, and the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); see COMAR 12.07.01.07B. An order of dismissal

4

constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Simms incorporates the relevant grievance into the Complaint. ECF No. 1-1. The grievance complains about the denial of religious accommodations, and it was forwarded to Chaplain Borbidge for "review and resolution." *Id.* Chaplain Borbidge responded to Simms with alternative ways that Simms could practice his faith. *Id.* Simms, in turn, checked the box on the grievance that stated, "I accept the action," and took the grievance no further. ECF No. 11-1 at 5-6. *See also* ECF No. 1-1 (form indicating no further review). Simms also has given this Court nothing to rebut his failure to pursue all administrative remedies prior to filing suit. For this reason, Defendants' Motion to Dismiss is granted.[1]

### IV. Conclusion

For the above stated reasons, the Court grants the motion to dismiss for failure to exhaust administrative remedies. A separate Order follows.

11/5/25    /S/
Date      Paula Xinis
          United States District Judge

---

[1] Because the Complaint is unexhausted, the Court declines to address Defendants' remaining arguments.